IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3089-F

| | |
|---|---|
| CHARLES A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| JOSH CHRISTENSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

On April 4, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir.

2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Here, Plaintiff contends that his November 14, 2008 arrest and subsequent "arrest, indictment, charges, [and] tri[al]" violated the "4th/5th/8th/14th Amendments." Compl. [DE-1], pp. 1, 7. As relief, Plaintiff seeks monetary damages. Id. at p. 9. These allegations have already been the subject of a prior complaint in this court. See Williams v. Canady, No. 5:10-CV-558-FL. Plaintiff's previous case was dismissed on summary judgment because, *inter alia*, "defendant officers had probable cause to stop, arrest, and search plaintiff [on November 14, 2008]." Williams, No. 5:10-CV-558-FL, 2014 WL 51245, at *4 (E.D.N.C. Jan. 7, 2014) aff'd, 577 F. App'x 146 (4th Cir. 2014). "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Environmental Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore, *et al.*, Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). Plaintiff readily concedes that both of his actions are predicated on the same facts. Compl. [DE-1], pp. 6-7. Thus, the claims in the instant complaint are barred by the doctrine of *res judicata*.

Moreover, because Plaintiff has not demonstrated to the court that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he may not recover damages for the alleged constitutional deprivations he

2

attributes to defendant. Heck v. Humphrey, 512 U.S. 486-87 (1994).[1] The "favorable termination" rule of Heck applies "no matter the target of the prisoner's suit . . . if success in that action wold necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Accordingly, this claim is not cognizable in a suit pursuant to 42 U.S.C. § 1983. Heck, 512 U.S. 486-87.

For these reasons, the matter is DISMISSED as frivolous, and the Clerk of Court is DIRECTED to close the case.

SO ORDERED. This the 7 day of November, 2014.

James C. Fox

JAMES C. FOX
Senior United States District Judge

---

[1] The charges which form the basis of Plaintiff's complaint were dismissed as part of a plea agreement. Williams, No. 5:10-CV-558-FL, 2014 WL 51245, at *1 (noting that two "indictments against plaintiff . . . arising out of law enforcement activities underlying plaintiff's claims in this case, were dismissed as part of a plea agreement in an unrelated criminal matter . . . . In particular, plaintiff entered a plea of guilty to selling cocaine and possession of cocaine . . . . As part of his plea, all other charges currently pending against plaintiff, including but not limited to charges [arising from his November 14, 2008 arrest]"). However, "the dismissal of [Plaintiff's] charges was not a 'favorable termination' within the meaning of Heck." N. Carolina ex rel. Bishop v. Cnty. of Macon, 809 F. Supp. 2d 438, 447 (W.D.N.C. 2011) aff'd in part, vacated in part, remanded sub nom. Bishop v. Cnty. of Macon, 484 F. App'x 753 (4th Cir. 2012).

3